## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY J. BAUGHEY             ) | |
| ) | |
| Plaintiff,      ) | C.A. No. |
| ) | |
| vs.          ) | |
| ) | |
| LAW FIRM OF ALLAN C. SMITH, P.C,  ) | |
| CACH, LLC and X, Y, Z CORPORATIONS  ) | |
| ) | |
| Defendants.    ) | |

### DEFENDANT'S, CACH, LLC, NOTICE OF REMOVAL

Defendant, CACH, LLC, by and through its attorneys, Spector Gadon & Rosen, P.C.,
hereby removes this civil action bearing No. 2013-09092 from the Court of Common Pleas of
Bucks County, Pennsylvania to the United States District Court for the Eastern District of
Pennsylvania pursuant to 28 U.S.C. § 1441 and 1331.

1.     Plaintiff commenced his action in the Court of Common Pleas of Bucks County,
Pennsylvania by filing a Civil Action Complaint ("Complaint") on or about January 10, 2014
and served the Complaint upon Defendant, CACH, LLC, on or about January 13, 2014.   A copy
of the Complaint is attached hereto as Exhibit "A" without admission or adoption. No further
proceedings have been had in this action.

2.     Plaintiff seeks damages pursuant to the Fair Debt Collection Practices Act, 15
U.S.C. §1692, et seq., relating to an alleged consumer transaction involving Plaintiff. (*See*
Plaintiffs Complaint, Paragraph numbered "1", attached hereto as Exhibit "A").

3.     Plaintiff is an individual with a mailing address in the Commonwealth of
Pennsylvania *(See* Paragraph 7 of Plaintiff's Complaint attached hereto as Exhibit "A").

4.     Defendant, CACH, LLC, is a Colorado business entity with it principal place of

business located at 4340 S. Monaco, Street, 2nd Floor, Denver, Colorado 80237. (See Paragraph 8(b) of Plaintiff's Complaint attached hereto as Exhibit "A").

5.       Defendant, Law Firm of Allan C. Smith, P.C., is a Commonwealth of Pennsylvania business entity with it principal place of business located at 1276 Veterans Hwy, Suite E-1, Bristol, PA 19007. (See Paragraph 11(a) of Plaintiff's Complaint attached hereto as Exhibit "A").

5.       This Honorable Court has original jurisdiction based upon the existence of a Federal Question pursuant to 28 U.S.C. § 1331.  Plaintiff brings the foregoing action based, in part, pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.). (See Paragraph 1 of Plaintiff's Complaint attached hereto as Exhibit "A").

7.       Pursuant to 28 U.S.C. § 1446(a) this Notice of Removal is filed in the United States District Court for the Eastern District of Pennsylvania, which is the District in which the State Court Action is pending.

8.       This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it was filed within thirty (30) days after Plaintiff served Defendant with the Complaint on or about January 13, 2014.

9.       Defendant will file this date a copy of the Notice of Removal with the Prothonotary of the Court of Common Pleas of Bucks County, Pennsylvania as required by 28 U.S.C. § 1446(c).

10.      Defendant will this date give written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(c).

**WHEREFORE**, Defendant, CACH, LLC, prays that the above-entitled action now pending in the Court of Common Pleas of Bucks County, Pennsylvania be removed therefrom to this Court.

**SPECTOR GADON & ROSEN, P.C.**

Dated:  February 12, 2014          By: _____

Jonathan J. Greystone, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8927/(215) 241-8844 (fax)
jgreystone@lawsgr.com

Attorney for Defendant,
CACH, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRACEY J. BAUGHEY     )
             )
    Plaintiff,   ) C.A. No.
             )
  vs.        )
             )
LAW FIRM OF ALLAN C. SMITH, P.C, )
CACH, LLC and X, Y, Z CORPORATIONS )
             )
    Defendants.  )

### CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Notice of Removal on all parties by causing true and correct copies thereof to be sent U.S. Regular Mail, on February 12, 2014, addressed to the following:

Vicki Piontek, Esquire
951 Allentown Road
Lansdale, PA 19446

Law Firm of Allan C. Smith, P.C.
1276 Veterans Highway, Suite E-1
Bristol, PA 19007

**SPECTOR GADON & ROSEN, P.C.**

Dated: <u>February 12, 2014</u>   By: _____
            Jonathan J. Greystone, Esquire
            1635 Market Street, 7th Floor
            Philadelphia, PA 19103
            (215) 241-8927/(215) 241-8844 (fax)
            jgreystone@lawsgr.com

            Attorney for Defendant,
            CACH, LLC

# EXHIBIT

# "A"

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION- LAW

TRACEY J. BAUGHEY
315 DORRANCE ST,
BRISTOL, PA 19007
     Plaintiff

v.

Law Firm of Allan C. Smith, P.C
1276 Veterans Hwy, Suite E-1
Bristol, PA 19007and
and
CACH, LLC
4340 South Monaco Street, 2nd Floor
Denver, CO 80237
and
X,Y,Z Corporations
     Defendants

Jury Trial Demanded

2013-09092



Case Number: 2013-09092   Judge:30
Receipt:   Z1029565   Filing: 10441572
Code: 45
Patricia Bachtle - Bucks Co Prothonotary
B09   1/10/2014 11:43:39 AM

## NOTICE

  YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.
  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION- LAW

TRACEY J. BAUGHEY       :
315 DORRANCE ST,        :
BRISTOL, PA 19007        :
      Plaintiff     :
               :
Vs.              :
Law Firm of Allan C. Smith, P.C   :   Jury Trial Demanded
1276 Veterans Hwy, Suite E-1    :
Bristol, PA 19007and      :
and           :
CACH, LLC         :   2013-09092
4340 South Monaco Street, 2nd Floor  :
Denver, CO 80237      :
and           :
X,Y,Z Corporations       :
      Defendants   :

# COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Jurisdiction and venue is proper in this jurisdiction because Defendants transact business here on a regular basis.

3. Jurisdiction and venue is proper in this jurisdiction because a substantial portion of the act, omissions, transaction and occurrences complained of occurred in this jurisdiction.

4. Plaintiff resides in this jurisdiction.

5. Defendant Law Firm of Allan C. Smith, P.C.'s principal place of business is located in this jurisdiction.

## PARTIES

6. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

7. Plaintiff is Tracey Baughey, an adult individual domiciled in Bucks County, Pennsylvania, with and address including but not limited to 315 Dorrance Street, Bristol, PA 19007.

8. Defendants are the following persons and business entities.

   a.   Law Firm of Allan C. Smith, P.C., a business entity with an address including but not limited to 1276 Veterans Hwy, Suite E-1, Bristol, PA 19007.

   b.   CACH, LLC, a business entity with an address including but not limited to 4340 South Monaco Street, 2nd Floor, Denver, CO 80237

   c.   X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaintPlaintiff is a consumer debtor as defined by the FDCPA.

## COUNT ONE: Violation of FDCPA, 15 USC 1692 et. seq.

### Unlawful Attempt to Collect Post-Charge Off Interest

9.  The previous paragraphs are incorporated herein by reference.

10. At all times mentioned in this Complaint, Defendant Law Firm of Allan C. Smith, P.C. was a Debt Collector as defined by the FDCPA.

11. At all times mentioned in this Complaint, Defendant CACH, LLC was a Debt Collector as defined by the FDCPA.

12. At all times mentioned herein, Defendants were attempting to collect on an alleged "consumer debt" against Plaintiff, as that term is defined by the FDCPA.

13. The alleged consumer debt that Defendants were trying to collect from Plaintiff was for Plaintiff's personal, household or family purposes.

14. Within the applicable statute of limitations prior to the commencement of this action, Defendant Law Firm of Allan C. Smith, P.C. on behalf of Defendant CACH, LLC filed a civil suit against Plaintiff in Bucks County, Pennsylvania, Docket Number 2013-08019.

15. The suit describes an account once owed to Citicorp Trust Bank which was charged off on or about October 31, 2010 with a charge off balance of $5,486.28.

16. The documents in the suit alleges that said account was assigned to Defendant CACH, LLC on or about December 21, 2010 when CACH, LLC purchased the account.

17. According to the documents in the lawsuit, Defendant CACH, LLC purchased the account from Citicorp Trust Bank for an amount unchanged from the charge off balance of $5,486.28.

18. The suit demands pre-litigation charge-off interest in the amount of $1,224.05 be added to the alleged charge-off of $5,486.28.

19. It is believed and averred that upon charge-off, the original creditor waived the assessment of further interest on the account, as evidenced by documents in the lawsuit which state that Defendant CACH, LLC acquired the account on December 21, 2010, two months after the charge off date (October 31, 2010) for a face amount unchanged from that amount alleged due and owing at charge-off ($5,486.28).

20. With interest being waived at charge-off by the original Creditor, Defendant CACH, LLC did not acquire the rights to assess contractual rate interest beyond charge-off for the period between charge-off and their acquisition of the account.

21. With interest being waived at charge-off by the original Creditor, Defendant CACH, LLC did not acquire the rights to assess a contractual rate interest subsequent to its acquisition of the account.

22. By application of the doctrine of waiver, any demand for contractual interest made by Defendants misstates any amount allegedly due and owing.

23. 15 U.S.C. § 1692f (1) of the FDCPA prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

24. Defendants have violated 15 U.S.C. § 1692f (1) of the FDCPA by falsely representing the amount of a consumer debt by making an improper claim for contractual interest waived by the original creditor and not permitted by law.

## COUNT TWO: Violation of FDCPA, 15 USC 1692 et. seq.

### Miscalculation of Post-Charge Off Interest

25. The previous paragraphs are incorporated herein by reference.

26. At all times mentioned in this Complaint, Defendant Law Firm of Allan C. Smith, P.C. was a Debt Collector as defined by the FDCPA.

27.  At all times mentioned in this Complaint, Defendant CACH, LLC was a Debt Collector as defined by the FDCPA.

28. At all times mentioned herein, Defendants were attempting to collect on an alleged "consumer debt" against Plaintiff, as that term is defined by the FDCPA.

29. The alleged consumer debt that Defendants were trying to collect from Plaintiff was for Plaintiff's personal, household or family purposes.

30. Within the applicable statute of limitations prior to the commencement of this action, Defendant Law Firm of Allan C. Smith, P.C. on behalf of Defendant CACH, LLC filed a civil suit against Plaintiff in Bucks County, Pennsylvania, Docket Number 2013-08019.

31. The suit describes an account once owed to Citicorp Trust Bank which was charged off on or about October 31, 2010 with a charge off balance of $5,486.28.

32. The documents in the suit alleges that said account was assigned to Defendant CACH, LLC on or about December 21, 2010 when CACH, LLC purchased the account.

33. The suit demands pre-litigation charge-off interest in the amount of $1,224.05 be added to the charge-off balance of $5,486.28.

34. The charge off balance already contained several months worth of alleged interest at the time of the charge off.

35. The pre-litigation interest demanded in the suit incorrectly calculates interest based upon the charge-off amount as opposed to the principle balance.

36. 15 U.S.C. § 1692f (1) of the FDCPA prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

37. Defendants have violated 15 U.S.C. § 1692f (1) of the FDCPA by falsely represented the amount of a consumer debt by making an improper claim for interest by applying an interest rate against the entire charge-off amount as opposed to the principle balance.

38. Furthermore, averment #10 of Defendant Allan C. Smith P.C.'s Complaint suggests that only $24.05 or 16 days of 10% interest are being added to the charge-off balance, but this is inconsistent with the amount prayed for in his *ad damnum* clause which alleges several more months of interest.)

**COUNT THREE: Violation of FDCPA, 15 USC 1692 et. seq.**
**Excessive Attorney Fees Demanded by Defendant(s)**

39. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

40. At all times mentioned in this Complaint, Defendant Law Firm of Allan C. Smith, P.C. was a Debt Collector as defined by the FDCPA.

41. At all times mentioned in this Complaint, Defendant CACH, LLC was a Debt Collector as defined by the FDCPA.

42. At all times mentioned herein, Defendants were attempting to collect on an alleged "consumer debt" against Plaintiff, as that term is defined by the FDCPA.

43. The alleged consumer debt that Defendants were trying to collect from Plaintiff was for Plaintiff's personal, household or family purposes.

44. Within the applicable statute of limitations prior to the commencement of this action, Defendant Law Firm of Allan C. Smith, P.C. on behalf of Defendant CACH, LLC filed a civil suit against Plaintiff in Bucks County, Pennsylvania, Docket Number 2013-08019.

45. The suit describes an account once owed to Citicorp Trust Bank which was charged off and later sold to Defendant CACH, LLC.

46. In the suit brought by Defendant CACH, LLC against Plaintiff Tracey Baughey, Defendant Law Firm of Allan C. Smith on behalf of Defendant CACH, LLC, makes a demand for reasonable attorney fees "as stated in the Cardholder Agreement" and pegs that figure at $1,200 in the *ad damnum* clause.

47. The $1200 attorney fees demanded by Defendant Law Firm of Allan C. Smith was demanded whether the case was litigated or whether the case resulted in a default judgment against Plaintiff Tracey Baughey.

48. It is believed and averred that the attorney fees allowed by the Cardholder Agreement are in the nature of costs actually incurred by Creditor and the demand for $1,200 bares no relationship to that measure.

49. The FDCPA, specifically 15 U.S.C. § 1692e (2)(A) prohibits the false representation of the amount of a consumer debt.

50. Defendants have falsely represented the amount of a consumer debt by making a claim for $1,200.00 in attorney fees in the civil suit in a manner not provided by the very Cardholder Agreement they claim dictates their rights to enforce an obligation.

51. The claim for $1,200.00 attorney fees was not a reasonable fee.

52. The $1,200.00 in attorney fees were not actually incurred.

## LIABILITY

53. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

54. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

55. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

56. Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

57. Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

58. Any mistake made by Defendant(s) would have included a mistake of law.

59. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

60. At all times mentioned in this Complaint, Defendant Law Firm of Allan C. Smith, P.C. and its agent(s), representative(s) or employee(s) who committed the aforementioned FDCPA violations were acting as agents of Defendant, CACH, LLC.

61. At all times mentioned in this Complaint, Defendant Law Firm of Allan C. Smith, P.C. and its agent(s), representative(s) or employee(s) who committed the aforementioned FDCPA violations were acting jointly and in concert with CACH, LLC.

62. At all times mentioned in this Complaint, Defendant, CACH, LLC is liable for the act and / or omission of Defendant Law Firm of Allan C. Smith, P.C. and its agent(s), representative(s) or employee(s) who committed the aforementioned alleged FDCPA violations under the doctrine of

joint and several liability.  See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

63. At all times mentioned in this Complaint, Defendant, CACH, LLC is liable for the act and / or omission of Defendant Law Firm of Allan C. Smith, P.C.and its agent(s), representative(s) or employee(s) who committed the aforementioned alleged FDCPA violations under the doctrine of respondeat superior.  See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S.District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

## DAMAGES

64. All previous paragraphs of this complaint are incorporated by reference and made a part hereof.

65. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, etc. to her attorney to stop the unlawful collection activity.

66. It is believed and averred that Plaintiff is entitled to $1,000.00 statutory damages under the FDCPA 15 USC 1692k, or other amount approved by this Honorable Court.

67. Plaintiff suffered some emotional distress as a result of Defendant(s) unlawful debt collection activity.

68. The amount of such distress shall be proven at trial.

69. For purposes of a default judgment, Plaintiff believes and avers that the amount of such distress shall be no less than $5,000.00.

## ATTORNEY FEES

70. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

71. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action pursuant to 15 USC 1692k.

72. Plaintiff believes and avers that the reasonable value of Plaintiff's services is no less than $350.00 per hour.

73. Plaintiff believes and avers that Plaintiff's is entitled to reasonable attorney fees of $2,450.00 at a rate of $350.00 per hour which includes the following.

|   |   |   |
|---|---|---|
| a. | Consultation with client and review of file | 1 hour |
| b. | Defense of lawsuit by Plaintiff | 2 hours |
| c. | Drafting, editing, review and filing complaint and related documents. | 2 hours |
| d. | Reasonable follow up with Defense and client | 2 |
|   |   | ——————— |
|   |   | 7 hours |

7x $350  = $2,450.00

74. The above stated attorney fees represent work performed up and until the filing of this Complaint as well as reasonable follow up with client and Defense.

75. Plaintiff's attorney fees continue to accrue as this case progresses.

## OTHER RELIEF

76. The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

77. Plaintiff requests such other relief as this court may deem just and proper.

78. Plaintiff requests and demands a jury trial in this matter.

Wherefore, Plaintiff prays for judgment against Defendants jointly and severally for in the amount of $8,451.00 enumerated below.

$1,000.00 statutory actual damages

$5,000.00 emotional distress

$2,450 attorney fees

$1.00 actual damages

_____

$8,451.00

Plaintiff demands fees and costs for prosecuting this action. Plaintiff demands a jury trial. Plaintiff requests such other relief as this Honorable Court may award.

_____      1-7-2014
                                         Date

Vicki Piontek., Esquire
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

CACH, LLC,

Plaintiff

v.

TRACEY BAUGHEY,

Defendant

2013-08019

Jury Trial Demanded

## VERIFICATION

I, TRACEY BAUGHEY, affirm that the statements contained in the attached complaint are true and correct to the best of my knowledge, understanding and belief.

_____
TRACEY BAUGHEY

_____
Date