IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY J. BAUGHEY )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>LAW FIRM OF ALLAN C. SMITH, P.C, )<br>CACH, LLC and X, Y, Z CORPORATIONS )<br>)<br>    Defendants. ) | C.A. No. 2:14-cv-0928 |

**DEFENDANT'S, CACH, LLC, ANSWER TO PLAINTIFF'S
COMPLAINT TOGETHER WITH AFFIRMATIVE DEFENSES**

Defendant's, CACH, LLC (hereinafter also referred to as "Answering Defendant"), by and through its counsel, Spector Gadon & Rosen, P.C., hereby responds to Plaintiff's Complaint together with Affirmative Defenses and avers as follows:

1. Denied. Denied as a conclusion of law.

2. Denied. Denied as a conclusion of law.

3. Denied. Denied as a conclusion of law.

4. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information in which to form a belief as to the truth of the averments comprised in Paragraph 4 of Plaintiff's Complaint and therefore they are deemed denied.

5. Denied. The averments comprised in Paragraph 5 of Plaintiff's Complaint are directed to parties other than Answering Defendant herein and, therefore, no responsive pleadings thereto is required and said averments are deemed denied.

6. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 5 of Plaintiff's Complaint as though set forth in full herein.

7. Denied. After reasonable investigation, Answering Defendant is without

sufficient knowledge or information in which to form a belief as to the truth of the averments comprised in Paragraph 7 of Plaintiff's Complaint and therefore they are deemed denied.

8. Admitted in part and denied in part. To the extent the averments comprising Paragraph 8 of Plaintiff's Complaint are directed to parties other than Answering Defendant herein, no responsive pleading thereto is required and said averments are deemed denied. To the extent the averments comprised in Paragraph 8 of Plaintiff's Complaint are directed to Answering Defendant, Answering Defendant admits only that it is a business entity with an address located at 4340 South Monaco Street, 2nd Floor, Denver, CO 80237. Answering Defendant objects to Paragraph 8 of Plaintiff's Complaint to the extent it suggests that Answering Defendant has more than one business address.

9. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 8 of Plaintiff's Complaint as though set forth in full herein.

10. Denied. Denied as a conclusion of law.

11. Denied. Denied as a conclusion of law.

12. Denied. Denied as a conclusion of law.

13. Denied. Denied also as a conclusion of law.

14. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 14 of Plaintiff's Complaint are deemed denied.

15. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 15

of Plaintiff's Complaint are deemed denied.

16. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 16 of Plaintiff's Complaint are deemed denied.

17. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 17 of Plaintiff's Complaint are deemed denied.

18. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 18 of Plaintiff's Complaint are deemed denied.

19. Denied. Denied also as a conclusion of law.

20. Denied. Denied also as a conclusion of law.

21. Denied. Denied also as a conclusion of law.

22. Denied. Denied also as a conclusion of law.

23. Denied. Denied as a conclusion of law.

24. Denied. Denied as a conclusion of law.

25. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 24 of Plaintiff's Complaint as though set forth in full herein.

26. Denied. Denied as a conclusion of law.

27. Denied. Denied as a conclusion of law.

28. Denied. Denied as a conclusion of law.

29. Denied. Denied also as a conclusion of law.

30. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 30 of Plaintiff's Complaint are deemed denied.

31. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 31 of Plaintiff's Complaint are deemed denied.

32. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 32 of Plaintiff's Complaint are deemed denied.

33. Admitted in part and denied in part. It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 33 of Plaintiff's Complaint are deemed denied.

34. Denied. The averments comprised in Paragraph 34 of Plaintiff's Complaint are so vague, ambiguous, capable of different meanings and understandings and lacking in sufficient detail making any response thereto potentially misleading and therefore prejudicial and therefore said averments are deemed denied.

35. Denied. Denied also as a conclusion of law.

36. Denied.  Denied as a conclusion of law.

37. Denied.  Denied also as a conclusion of law.

38. Denied.  Denied also as a conclusion of law.

39. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 38 of Plaintiff's Complaint as though set forth in full herein.

40. Denied.  Denied as a conclusion of law.

41. Denied.  Denied as a conclusion of law.

42. Denied.  Denied as a conclusion of law.

43. Denied.  Denied also as a conclusion of law.

44. Admitted in part and denied in part.  It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 44 of Plaintiff's Complaint are deemed denied.

45. Admitted in part and denied in part.  It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 45 of Plaintiff's Complaint are deemed denied.

46. Admitted in part and denied in part.  It is admitted only that the pleadings filed in the civil suit characterized as Docket No. 2013-08019 in the Bucks County Court of Common Pleas, Pennsylvania speak for themselves and any all other averments comprised in Paragraph 46 of Plaintiff's Complaint are deemed denied.

47. Denied.  The averments comprised in Paragraph 47 of Plaintiff's Complaint are so vague, ambiguous, capable of different meanings and understandings and lacking in sufficient

detail making any response thereto potentially misleading and therefore prejudicial and therefore said averments are deemed denied. Denied also as a conclusion of law.

48. Denied. Denied also as a conclusion of law.

49. Denied. Denied as a conclusion of law.

50. Denied. Denied also as a conclusion of law.

51. Denied. Denied also as a conclusion of law.

52. Denied. Denied also as a conclusion of law.

53 Answering Defendant incorporates by way of reference its responses to Paragraph 1 through 52 of Plaintiff's Complaint as though set forth in full herein.

54. Denied. Denied also as a conclusion of law.

55. Denied. Denied also as a conclusion of law.

56. Denied. Denied also as a conclusion of law.

57. Denied. Denied also as a conclusion of law.

58. Denied. Denied also as a conclusion of law.

59. Denied. Denied also as a conclusion of law.

60. Denied. Denied as a conclusion of law.

61. Denied. Denied as a conclusion of law.

62. Denied. Denied as a conclusion of law.

63. Denied. Denied as a conclusion of law.

64. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 63 of Plaintiff's Complaint as though set forth in full herein.

65. Denied.

66. Denied. Denied as a conclusion of law.

67.  Denied. Denied also as a conclusion of law.

68.  Denied. Denied also as a conclusion of law.

69.  Denied. Denied also as a conclusion of law.

70.  Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 69 of Plaintiff's Complaint as though set forth in full herein.

71.  Denied. Denied also as a conclusion of law.

72.  Denied. Denied also as a conclusion of law.

73.  Denied. Denied also as a conclusion of law.

74.  Denied. Denied also as a conclusion of law.

75.  Denied. Denied also as a conclusion of law.

76.  Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 75 of Plaintiff's Complaint as though set forth in full herein.

77.  Denied. Denied also as a conclusion of law.

78.  Denied. Denied also as a conclusion of law.

79.  Answering Defendant denies any and all claims of liability and/or damages contained in Plaintiff's Complaint not specifically admitted herein.

**WHERERFORE**, Answering Defendant, CACH, LLC, hereby requests judgment in its favor, and against Plaintiff, together with attorney's fees, costs and any other relief deemed just and proper.

### FIRST AFFIRMATIVE DEFENSE

80.  Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

81. Plaintiff's damages are speculative and are not reasonably foreseeable.

**THIRD AFFIRMATIVE DEFENSE**

82. Plaintiff's alleged damages or claims are barred or substantially reduced because plaintiff failed to mitigate the alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

83. Plaintiff's alleged damages or claims are limited or barred by applicable contractual provisions or agreements with the original creditor.

**FIFTH AFFIRMATIVE DEFENSE**

84. Plaintiff's alleged damages are, or may be, limited by statute.

**SIXTH AFFIRMATIVE DEFENSE**

85. Plaintiff's Complaint should be dismissed pursuant to the Statute of Limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

86. In the event of any alleged Fair Debt Collection Practices Act violations (specifically denied herein), such was not intentional and resulted from a bonafide clerical error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

**EIGHTH AFFIRMATIVE DEFENSE**

87. Plaintiff's damages may be barred or substantially reduced by the doctrine of set-off.

**NINTH AFFIRMATIVE DEFENSE**

88. Plaintiff's Complaint fails to state a cause of action under the Fair Debt Collection Practices Act against Answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

89. Answering Defendant asserts all of the defenses available to it pursuant to the Fair Debt Collection Practices Act.

## ELEVENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims and/or remedies are limited by the Fair Debt Collection Practices Act.

## TWELFTH AFFIRMATIVE DEFENSE

91. Plaintiff is not entitled to injunctive relief under the Fair Debt Collection Practices Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

92. Plaintiff's case has no merit and therefore Answering Defendant seeks its attorneys fees and costs pursuant to 15 U.S.C. §1692(a)(3).

**WHERERFORE**, Answering Defendant, CACH, LLC, hereby requests judgment in its favor, and against Plaintiff, together with attorney's fees, costs and any other relief deemed just and proper.

**SPECTOR GADON & ROSEN, P.C.**

Dated: February 19, 2014     By: /s/ Jonathan J. Greystone
                                  Jonathan J. Greystone, Esquire
                                  1635 Market Street, 7th Floor
                                  Philadelphia, PA 19103
                                  (215) 241-8927/(215) 241-8844 (fax)
                                  jgreystone@lawsgr.com

                                  Attorney for Defendant,
                                  CACH, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY J. BAUGHEY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LAW FIRM OF ALLAN C. SMITH, P.C, )<br>CACH, LLC and X, Y, Z CORPORATIONS )<br>)<br>Defendants. ) | C.A. No. 2:14-cv-0928 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses on all parties by causing true and correct copies thereof to be sent ECF, on February 19, 2014, addressed to the following:

Vicki Piontek, Esquire
951 Allentown Road
Lansdale, PA 19446

Law Firm of Allan C. Smith, P.C.
1276 Veterans Highway, Suite E-1
Bristol, PA 19007

**SPECTOR GADON & ROSEN, P.C.**

Dated: February 19, 2014        By: /s/ Jonathan J. Greystone
                                Jonathan J. Greystone, Esquire
                                1635 Market Street, 7th Floor
                                Philadelphia, PA 19103
                                (215) 241-8927/(215) 241-8844 (fax)
                                jgreystone@lawsgr.com

                                Attorney for Defendant,
                                CACH, LLC